### ELIZA POWER *vs.* JOHN F. FENNO & another.

A bond, conditioned that the accused in a bastardy process shall appear and answer to the complaint and abide the final order of the court thereon, is discharged by his attendance at court so long as the action is pending and at the final order, and his subsequent arrest at the instance of the complainant and committal to prison under that order for a failure to give bond to perform it.

The presence of the respondent in court pending a bastardy suit, and at the passing of the final order, may be proved by parol evidence.

ACTION OF CONTRACT on a bond, given pursuant to Rev. Sts. *c.* 49, § 1, and conditioned that John Donahue should appear at the next court of common pleas and answer to the complaint of Eliza Power, of being the father of her bastard child, and should abide the order of said court thereon.

At the trial in the superior court of Suffolk at May term 1856, it appeared that the complaint was tried and Donahue found guilty in the court of common pleas on the 2d of March 1855, and the final order of court passed on the same day; that the court adjourned on the 13th, and on the 25th of March a warrant was issued on the complainant's motion, upon which Donahue was arrested and committed on the 28th, and, at the expiration of one hundred and twenty days, discharged on taking the poor debtors' oath.

The. defendants offered evidence that during the trial of the complaint and at the passing of the final order Donahue was present in court. The plaintiff objected, upon the ground that this evidence, if relevant for any purpose, was so only to show a surrender in court, which could not be proved except by record. But *Nash,* J., admitted the evidence; and instructed the jury, " that if the respondent was openly in court during the trial, and at the time of and until after final judgment, when the final order was passed; and his presence was known to the com-

plainant and her attorney; and the respondent was then and there ready to be taken into custody, if such motion had been made by the complainant; the condition of the bond was saved, and the verdict should be for the defendants." The jury returned a verdict accordingly, and the plaintiff alleged exceptions.

*J. Q. A. Griffin*, for the plaintiff.

*S. C. Maine*, for the defendants.

SHAW, C. J. The obligation of Donahue was to appear in court and abide the order. It appears that he was there personally present when the order was made. He was committed, either then or afterwards, in pursuance of that order. It was by the act of the complainant that he was so committed, and she is estopped to say that he did not abide the order of the court to pay or be committed. *Exceptions overruled.*